IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONSTELLATION TECHNOLOGIES LLC,<br><br>  *Plaintiff*<br><br>V.<br><br>TIME WARNER CABLE INC. and TIME WARNER CABLE ENTERPRISES LLC,<br><br>  *Defendants* | § § § § § § § § § § § § § | CIVIL NO. 2:13-CV-1079 |
| CONSTELLATION TECHNOLOGIES LLC,<br><br>  *Plaintiff*<br><br>V.<br><br>WINDSTREAM HOLDINGS, INC., WINDSTREAM CORPORATION, and WINDSTREAM COMMUNICATIONS, INC.,<br><br>  *Defendants* | § § § § § § § § § § § § § § § | CIVIL NO. 2:13-CV-1080<br><br>CONSOLIDATED FOR PRETRIAL PURPOSES |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Windstream Holdings, Inc., Windstream Corporation, and Windstream Communications' (collectively "Windstream") Motion to Transfer to the District of Delaware (Dkt. 22, the "Motion"), filed February 24, 2014.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Constellation Technologies LLC ("Constellation") filed this suit against Windstream – along with Time Warner Communications ("TWC") – on December 11, 2013. At

1

the beginning of 2014, TWC's lead counsel filed a series of declaratory judgment actions in the District of Delaware on behalf of a number of other cable-industry companies. The plaintiffs in those later-filed Delaware actions explicitly cited this case as a basis for requesting declaratory judgment. (Dkt. 39-38 at 12-13.)

In addition to moving to transfer here, TWC also moved the United States Panel on Multidistrict Litigation centralization and transfer under 28 U.S.C. § 1407, which permits transfer "for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." The Panel, after reviewing TWC's briefing and conducting a hearing on the matter, issued its order on August 12, 2014, and stated "we are not persuaded that [centralization and transfer] would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation." *In re: Constellation Technologies LLC Patent Litigation*, No. 2558, Dkt. 64 at 2 (J.P.M.L. August 12, 2014). Accordingly, it denied TWC's request. *Id*.

## II.  LEGAL STANDARDS

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (2006).  The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In*

2

*re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

### III.   ANALYSIS

A. Availability of the Transferee Venue

Windstream contends that this case could have been brought in the District of Delaware, and Constellation does not appear to dispute that contention.

B. <u>Private Interest Factors</u>

*1. Relative Ease of Access to Sources of Proof*

Windstream concedes that "substantially" all of their documents and sources of proof, are located in Little Rock, Arkansas – substantially closer to the Eastern District of Texas than the District of Delaware. (Mot. at 7.)

Constellation contends that it possesses relevant documents at its headquarters in the Eastern District of Texas, including technical documents, licensing information, royalty payments, and patent files. Windstream argues that "Constellation did not register to do business with the Secretary of State in Texas until nine days before filing this Action" and questions whether it actually has a substantial number of relevant documents given its existence as a patent licensing entity, a position that appears to be incomplete at best. (Mot. at 14 (emphasis removed).) Constellation is a derivative of an entity who acquired the portfolio of Nortel, a company that practiced the technology at issue here extensively, on a national scale, and based its U.S. operations in an eight hundred thousand square foot facility (constructed more than twenty years ago) less than a mile from the Eastern District border. Windstream's contentions, both with regard to this prong and others, that Constellation's connections to this region are ephemeral or recent appears to have no basis anywhere in the factual record except the fact that the actual Constellation corporate entity was newly established (not just in this region). The Court observes that Constellation appears to possess relevant documents within and near this district, and that because of the extensive history of the technology and companies in question here, the content and volume of those documents appears to be more substantial than those possessed by an average plaintiff in a patent case.

Windstream implies that non-party witnesses may possess relevant documents. Even if the Court were to accept the LinkedIn profiles presented by Windstream as proper evidence,[1] it does not appear that Windsteram has had any contact with any of these parties, nor does Windstream state why it believes that any of these parties might possess documents relevant to this case not already possessed by the parties.

All of Windstream's documents and systems are substantially closer to the Eastern District of Texas than the District of Delaware. All of Constellation's relevant documents appear to be located either in or immediately adjacent to the Eastern District of Texas. Accordingly, Windstream has failed to show that this factor favors transfer, and the Court finds that it strongly disfavors transfer.

   2. *Availability of Compulsory Process*

It is not clear from the record that either the Eastern District of Texas or the District of Delaware has absolute subpoena power over any substantial number of relevant and unwilling witnesses in this case. Accordingly, Windstream has failed to show that this factor favors transfer.

   3. *Cost of Attendance for Willing Witnesses*

Windstream relies primarily on the alleged location of inventors and prosecuting attorneys in support of the Motion.[2] It appears that some of these parties may live closer to the District of Delaware than the Eastern District of Texas, and some others may live closer to the Eastern District of Texas than the District of Delaware. Windstream does not state which of these

---

[1] The Court addresses the profiles provided by Windstream for the sake of completeness, despite the fact that there does not appear to be a proper evidentiary basis upon which to rely on them.

[2] Windstream again relies solely on information that does not appear to have a proper evidentiary basis, but the Court addresses those arguments notwithstanding that deficiency. *See* B.1 *supra*.

witnesses might possess knowledge making them material witnesses in this suit. Similarly, Constellation identifies a number of third-parties residing in and near the Eastern District of Texas, but does not clearly state why those third-parties possess knowledge likely to make them material witnesses here.

As for its party witnesses, Windstream concedes that "substantially" all of its witnesses are located in Little Rock, Arkansas – substantially closer to the Eastern District of Texas than the District of Delaware. (Mot. at 7.) Constellation contends that the Eastern District of Texas is more convenient to their witnesses than the District of Delaware, and it appears that at least one of those witnesses is likely to be called at trial. (Dkt. 39 at 13.) Windstream challenges Constellation's assertion, but does not take the position that Delaware is more convenient for Constellation's party witnesses. (Dkt. 31 at 4-5.)

Windstream has failed to show that this factor favors transfer.

*4. Other Practical Problems*

The factor most relied-upon by Windstream is judicial economy. Windstream contends that substantial judicial economy, evidentiary economy, and economic savings can be achieved through transfer to Delaware where Windstream's vendor, Cisco, is litigating declaratory judgment claims on four of the five patents at issue in this Action," and that transfer is appropriate on the theory that it is more efficient to handle those cases together. (Mot. at 8-11.) But those declaratory judgment claims were filed after the filing date of this suit. Windstream's proposal would require that this Court defy the well-settled proposition that "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted." *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013). When the instant suit was instituted, the only case pending in the District of Delaware had no overlap in defendants, no overlap in

asserted patents, no overlap in accused technologies – the only commonality was that the plaintiff in the Delaware case was an entity related to Constellation. This is clearly not a basis for judicial economy.[3] The Court does, however, find that judicial economy is served by handling the copending TWC case – which was filed concurrently with the instant case and is currently consolidated with it for pretrial purposes – together with the instant case.[4]

The Court finds that this factor weighs against transfer.

C. <u>Public Interest Factors</u>

   1. *Local Interest*

Windstream argues that Delaware has a local interest in the case because it is the state of incorporation for Windstream and Constellation. However, the state of incorporation is not a connection to "the events that gave rise to this suit," as suggested by *In re Volkswagen II*. 545 F.3d at 318. Here, much of the underlying technology in this case was developed in and around the Eastern District of Texas by Nortel, and Windstream's instrumentalities in this region have allegedly infringed on Constellation's patent. All of the accusations revolve around Windstream's practices and systems that are very close to this District. The Court finds that Windstream has failed to show that this factor favors transfer, and the Court finds that it is neutral.

   2. *Other Public Interest Factors*

The Court finds that the other public interest factors are neutral.

---

[3] If it were, there are a number of other currently pending cases in this district that were filed by entities that appear to be related to Constellation.
[4] TWC has also filed a Motion to Transfer in its case that is addressed in a separate order.

## IV. CONCLUSION

The Court finds that Windstream has failed to meet its burden in showing that the District of Delaware is a clearly more convenient venue for this case. Thus, the Court hereby **DENIES** Windstream's Motion to Transfer to the District of Delaware (Dkt. 22).

**SIGNED this 23rd day of September, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE